DECISION. *Page 2 
{¶ 1} Bringing forth a single assignment of error, plaintiff-appellant, the state of Ohio, appeals the trial court's judgment suppressing eight pounds of marijuana found in the trunk of the automobile belonging to defendant-appellee Mark Howard (appeal no. C-070174) and a "brick" of marijuana found in the trunk of Howard's car on a separate occasion (appeal no. C-070175). Because police officers had probable cause to search the trunk of Howard's automobile on each occasion based on the strong odor of unburned marijuana emanating from the trunk, we reverse the judgment of the trial court.
 {¶ 2} In June 2007, police officers stopped Howard because he had parked his car too far from the curb, and because they believed that the tint on the windows of his car was too dark in violation of state law. Upon approaching Howard, the police observed an open bottle of liquor in the car. At the suppression hearing, Officer Michael Harper testified that Howard had "smelled heavily of unburned marijuana." Therefore, he detained and searched Howard, but found no contraband. Howard was then placed in the back of a police cruiser. While Harper's partner was searching the passenger compartment of the car, Officer Harper stood near the trunk of the car, still aware of a strong odor of unburned marijuana. Believing that the smell was coming from the trunk of the car, Officer Harper searched the trunk and recovered almost eight pounds of marijuana.
 {¶ 3} Officer Harper testified that he had been a patrol officer for over five years and that he could tell the difference between burned marijuana and unburned *Page 3 
marijuana. He testified that he had used his sense of smell to establish probable cause to search for unburned marijuana both in this case and in many other cases.
 {¶ 4} Howard was stopped by police officers again in September 2007 when they observed him sitting in a car with a woman who the officers knew was a prostitute. They approached the car, intending to talk to the woman and Howard. Howard was unable to roll down the driver's-side window so he opened the car door. At that point, Officer Ron Schultz detected a strong odor of unburned marijuana coming from the car and observed a bag of marijuana on the seat beside Howard. Howard was then arrested. During a search incident to the arrest, officers recovered more marijuana and $1770 in cash. After placing the woman and Howard in a police cruiser, Officer Schultz searched the passenger compartment of the car and found a gun and three cellular phones. Schultz testified that the specific contraband recovered both from Howard and from inside the car were indicators of drug trafficking.
 {¶ 5} Officer Shultz testified that the strong odor of unburned marijuana had come from the back seat of the car, although no marijuana was found there. Therefore, Officer Schulz stood near the trunk of the car, smelled the seam of the trunk, and again detected the odor of unburned marijuana. Schultz then searched the trunk and recovered a brick of marijuana weighing approximately 1000 kilograms.
 {¶ 6} Schulz, a police officer for over three years, testified that he had been trained in detecting the difference in smell between burning marijuana and unburned marijuana. Over 100 times, he had used his sense of smell to search for *Page 4 
and discover marijuana. He testified that, several times a week, he had arrested individuals for possession of marijuana.
 {¶ 7} At the end of the suppression hearing, the trial court suppressed the evidence found in the trunk in both cases. CitingState v. Farris,[1] the court held that the smell of unburned marijuana justified a search of only the passenger compartment of an automobile and did not permit a search of the trunk. The state now appeals, arguing that the trial court erred in granting Howard's motion to suppress.
 {¶ 8} Appellate review of a motion to suppress presents a mixed question of law and fact.[2] In considering a motion to suppress, the trial court is in the best position to decide the facts and to evaluate the credibility of the witnesses.[3] Consequently, we must accept the trial court's findings of fact if they are supported by competent and credible evidence.[4] With respect to the trial court's conclusions of law, however, we apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard.[5]
 {¶ 9} In support of its assignment of error, the state argues that the trained and experienced police officers' detection of the odor of unburned marijuana emanating from the trunk of Howard's automobile provided probable cause to search the trunk. We agree.
 {¶ 10} In State v. Moore,[6] the Ohio Supreme Court held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to *Page 5 
establish probable cause to search a motor vehicle[.]"[7] InFarris, the Ohio Supreme Court fleshed out the "plain-smell" doctrine by holding that the odor of burned marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle.[8] In refusing to expand the search to the trunk of the car in Farris, the court noted that the police officer had only detected a light odor of marijuana emanating from the passenger compartment (not the trunk), and that officers had not found other contraband within the passenger compartment.[9]
 {¶ 11} After reviewing the record, we are convinced that the facts here are distinguishable from Farris. Here, the officers, who were trained and experienced in detecting the odor of unburned marijuana, both testified that they had smelled a strong odor of unburned marijuana emanating from the car, not just a light odor. But, more specifically, each officer specifically testified that the odor of the unburned marijuana was coming from the trunk of the car. (Howard was in the police cruiser, and each officer was standing by the trunk of the car when he detected the odor, indicating that the odor was not coming from Howard's person or solely from inside the passenger compartment of the car.) Additionally, with respect to the September stop, contraband indicative of drug trafficking was recovered from the vehicle. (Probable cause to search a lawfully stopped vehicle justifies a search of every part of the vehicle and its contents that may conceal the object of the search.[10])
 {¶ 12} Given the circumstances of this case, we hold thatFarris is not applicable here, and, thus, we reverse the trial court's judgment suppressing the *Page 6 
evidence recovered from the trunk of Howard's car on both occasions. Accordingly, we sustain the single assignment of error.
 {¶ 13} The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this decision and the law.
Judgment reversed and cause remanded.
SUNDERMANN, P. J., and CUNNINGHAM, J., concur.
[1] 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985.
[2] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71, at ¶ 8.
[3] State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972.
[4] State v. Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583.
[5] Burnside, supra, at ¶ 8.
[6] 90 Ohio St.3d 47, 2000-Ohio-10, 734 N.E.2d 804.
[7] Id. at ¶ 51.
[8] Id. at ¶ 52.
[9] Id.
[10] State v. Ross (1982), 456 U.S. 798, 825, 102 S.Ct. 2152. *Page 1