[Cite as *State v. Lattimore*, 2011-Ohio-2863.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-100675
                                           TRIAL NO. B-1001541
   Plaintiff-Appellee,         :
                                           *D E C I S I O N.*
 vs.                              :

MARCIANO LATTIMORE,               :

   Defendant-Appellant.        :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  June 15, 2011


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.



Please note: This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Marciano Lattimore appeals from his convictions on single counts of carrying concealed weapons, having weapons while under disability, and failing to comply with an order or signal of a police officer, and two counts of felonious assault with firearm specifications. For the following reasons, we affirm the judgment of the trial court.

{¶2}    On March 7, 2010, two Cincinnati police officers observed Lattimore pull his vehicle away from a curb without using a turn signal, a violation of Cincinnati Municipal Code 506-25. The officers pursued Lattimore to stop him for the minor traffic offense. According to one of the officers, after Lattimore pulled into an apartment parking lot, both Lattimore and his passenger "immediately went for the floorboards of the car like they were reaching for something."[1] The officers reacted by exiting from their cruiser, drawing their guns, and ordering the two men to put their hands up. But Lattimore was undeterred. He put his vehicle into reverse and rammed the police cruiser, narrowly missing one of the officers. Lattimore then turned the car around and drove toward the other officer and hit him in the leg. After Lattimore crashed his vehicle into a light post and sign, he and his passenger fled the scene on foot. They were arrested about a minute and a half later.

{¶3}    According to Lattimore's arresting officer, "[t]here were officers that went to secure the car. There were two firearms recovered loaded right where the defendant and passenger were reaching for."[2] Lattimore moved to suppress this evidence, but the trial court denied his motion. Upon entering pleas of no contest, Lattimore was convicted as charged. He now appeals, raising two assignments of error.

---

[1] T.p. 10.
[2] T.p. 15.

{¶4}     In his first assignment of error, Lattimore asserts that the trial court erred in denying his motion to suppress. He argues that the traffic stop violated his constitutional right to remain free from unreasonable searches and seizures,[3] and therefore, the firearms subsequently discovered in his vehicle were inadmissible as "fruit of the poisonous tree."[4] Lattimore points to the arresting officer's testimony that the police had initially followed him because his vehicle had a California license plate. He also contends in his appellate brief that the traffic offense in this case "is rarely if ever utilized, thus making the initial stop nothing more than a pretext to look for contraband or weapons." We are not persuaded.

{¶5}     The Ohio Supreme Court held in *Dayton v. Erickson*[5] that "so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." Thus, it is "irrelevant what else the officer knew or suspected about the traffic violator at the time of the stop. It is also irrelevant whether the stop in question is sufficiently ordinary or routine according to the general practice of the police department or the particular officer making the stop."[6] In this case, the officers initiated the traffic stop only after they observed Lattimore violate the Cincinnati Municipal Code. Accordingly, the traffic stop passed constitutional muster.

{¶6}     Lattimore also argues that even if the traffic stop was legal, the subsequent search of his vehicle was an impermissible search incident to arrest. But because he did not raise this issue before the trial court, he has waived it on appeal.

---

[3] Fourth Amendment to the United States Constitution; Section 14, Article I of the Ohio Constitution.
[4] See *State v. Smith*, 163 Ohio App.3d 567, 2005-Ohio-5204, 839 N.E.2d 451, at ¶23, quoting *Nardone v. United States* (1939), 308 U.S. 338, 60 S.Ct. 266.
[5] 76 Ohio St.3d 3, 9, 1996-Ohio-431, 665 N.E.2d 1091.
[6] Id. at 10.

{¶7}     The Ohio Supreme Court held in *Xenia v. Wallace*[7] that "to suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." We do not expect the state to anticipate the specific legal and factual grounds upon which the defendant seeks to suppress evidence, and therefore, when a defendant fails to adequately raise the basis of his challenge before the trial court, he or she waives that issue on appeal.[8]

{¶8}     The Second Appellate District considered this issue in the similar case of *State v. McKee*.[9] There, a police officer stopped McKee in his car, believing that he had just participated in a drug transaction. After McKee appeared to reach for something near the door panel, the officer, fearful that he might be retrieving a weapon, opened the car door and ordered McKee to exit from the vehicle. When the officer opened the door, he saw marijuana inside. After handcuffing McKee, the officer returned to the car to retrieve the marijuana and noticed two Vicodin pills where McKee had been reaching. McKee moved to suppress the drugs, arguing that the traffic stop was illegal. The trial court denied his motion. On appeal, McKee again contested the legality of the traffic stop, and he also challenged the subsequent warrantless search of the car. The appellate court held that McKee had forfeited his right to challenge the search of the car because he had not raised that issue before the trial court. The court reasoned that by failing to raise that argument with particularity, McKee had deprived the state of an opportunity to present evidence to justify the search.[10]

---

[7] (1988), 37 Ohio St.3d 216, 219, 524 N.E.2d 889. See also Crim.R. 47 (requiring a motion to "state with particularity the grounds upon which it is made").
[8] *Xenia v. Wallace*, supra, at fn. 7.
[9] 2nd Dist. No. 22565, 2008-Ohio-5464.
[10] Id. at ¶19. See also *State v. Carpenter* (Apr. 8, 1998), 9th Dist. No. 2667-M (holding that where a defendant, in his motion to suppress, questioned the legality of the detention of his vehicle after

{¶9} In this case, Lattimore failed to contest the legality of the search of his vehicle apart from the legality of the traffic stop itself. Therefore, he cannot raise that issue before this court. We overrule Lattimore's first assignment of error.

{¶10} In his second assignment of error, Lattimore asserts that the trial court erred in not ordering and relying upon a presentence investigation report before sentencing him. We disagree.

{¶11} Crim.R. 32.2 provides that in felony cases, a sentencing court shall "order a presentence investigation and report before imposing community control sanctions or granting probation." This rule requires a presentence investigation only as a prerequisite to granting community control sanctions or probation, "and not as a prerequisite to all sentencing proceedings."[11] In this case, the trial court imposed a prison term, not community control. Therefore, the court was not required to order a presentence investigation report.[12] Moreover, the record reflects that when the trial court proceeded to sentence Lattimore immediately after his pleas of no contest, he did not request a presentence investigation. Any error is, therefore, waived.[13] Accordingly, we overrule Lattimore's second assignment of error.

{¶12} The judgment of the trial court is affirmed.

Judgment affirmed.

**DINKELACKER, P.J.,** and **HILDEBRANDT, J.,** concur.

*Please Note:*

The court has recorded its own entry this date.

---

a traffic stop, a drug sniff by the officer's dog, the transportation of the vehicle back to the patrol post, and the initial search of the trunk, but not a subsequent inventory search, the defendant had waived the issue of the legality of the inventory search on appeal).

[11] *State v. Garrison* (1997), 123 Ohio App.3d 11, 16, 702 N.E.2d 1222.

[12] *State v. Sawyer*, 1st Dist. No. C-080433, 2010-Ohio-1990, at ¶10.

[13] See *State v. Toney*, 5th Dist. No. 01-CA-004, 2001-Ohio-1959.