[Cite as *State v. Ulmer*, 2020-Ohio-4689.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190304 |
| | | C-190305 |
| Plaintiff-Appellee, | : | C-190306 |
| | | TRIAL NOS. 18-CRB32202A |
| vs. | : | 18-CRB32202B |
| | | 18-CRB32202C |
| CORIE ULMER, | : | |
| Defendant-Appellant. | : | *O P I N I O N.* |


Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Appellant Discharged in C-190304;
                      Affirmed in C-190305 and C-190306

Date of Judgment Entry on Appeal: September 30, 2020


*Paula Boggs Muething*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Meagan D. Woodall,* Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Corie Ulmer appeals from the trial court's judgment overruling his motion to suppress. For the following reasons, we conclude that the trial court erred in determining that the officer had probable cause to search the trunk of Ulmer's car. Accordingly, we sustain the assignment of error, reverse the trial court's judgment, and vacate the conviction for improperly handling firearms in a motor vehicle. We affirm the judgment of the trial court in all other respects.

### The Motion to Suppress

{¶2} Corie Ulmer was charged with improperly handling firearms in a motor vehicle, criminal trespass, and possession of marijuana. Ulmer filed a motion to suppress all of the evidence asserting that the police officers did not have reasonable suspicion to conduct a *Terry* stop, the officers exceeded the permissible scope of a patdown, and the officers had no probable cause to search his car or the trunk of his car. The city did not file a memorandum in response to the motion to suppress.

{¶3} At the suppression hearing, Officer Jeff Ruberg, a Cincinnati police officer, testified that he was working for Downtown Property Management on December 13, 2018, patrolling their properties with his partner Specialist McGraw. The officers patrol numerous properties due to problems such as trespassing, loitering, drinking, and drugs. Ruberg had been working this detail for 17 years.

{¶4} As the officers pulled into the parking lot, Ruberg saw Ulmer sitting in his car in the parking lot. Ulmer got out of the car and walked toward the building. The officers parked and approached him before he reached the steps leading to the entrance of the building. Ruberg suspected that Ulmer was trespassing, and he requested Ulmer's driver's license which he promptly provided. Ulmer made no

sudden movements and was cooperative.

{¶5} Ruberg further testified that he could smell a very strong odor of marijuana coming from Ulmer, the immediate area, and Ulmer's car. Ruberg asked Ulmer if he had been smoking marijuana, and Ulmer admitted that he had smoked marijuana in his car and threw the butt of a joint out of his car window before the officers had arrived. He also told Ruberg that he had marijuana in his pocket. At that point, Ulmer was handcuffed and searched. Ruberg testified that the sole reason for the patdown was to retrieve the marijuana. After Ruberg recovered a minute amount of marijuana from Ulmer's pocket, he placed Ulmer in the back of the police cruiser.

{¶6} Ruberg testified that he took Ulmer's car keys and searched his vehicle because Ulmer, the car, and the whole area smelled like marijuana. He found the butt of a joint in the passenger's side door compartment. When he searched the trunk, he found a loaded Glock 9 mm firearm. Ruberg charged Ulmer with criminal trespassing, having a firearm in a motor vehicle, and a minor misdemeanor for possessing marijuana.

{¶7} The video from Ruberg's body camera was played and submitted into evidence. The video confirmed that Ruberg and his partner stopped Ulmer as he was approaching the entrance of the apartment. Ruberg asked him whether he lived in the building. When Ulmer told them he was visiting his cousin, whom he was currently calling, Ruberg requested his identification. Ruberg informed Ulmer that he was trespassing on private property because visitors must park on the street and must be escorted onto the property by a tenant.

{¶8} Ruberg asked Ulmer if he had just been "hitting a joint cause I can still

smell it." When Ulmer confirmed that he had been smoking marijuana in his car and had thrown it out of the car when he pulled up, Ruberg responded, "Well, it's still burning wherever you threw it because I can smell it." Ruberg and his partner both used their flashlights to search the ground by the apartment entrance for the burning marijuana.

{¶9} After handcuffing Ulmer and putting him into the police cruiser, Ruberg searched the car and found a small butt of a burnt marijuana joint in the passenger's-side door compartment and proceeded to thoroughly search the car. Finding nothing more, Ruberg used his flashlight to conduct a cursory search around the vehicle for the burning marijuana. When he again found nothing, Ruberg searched the trunk of Ulmer's car. After finding the firearm, he arrested Ulmer and charged him. The state admitted the video as an exhibit, and both parties rested.

{¶10} During closing arguments, Ulmer did not challenge his initial stop and detention. Instead, he only argued that the officers did not have probable cause to search the car and asked the trial court to suppress the gun. The court made the following factual findings:

> the officers [were] serving an investigation regarding a trespass on private property and observe[d] the Defendant smelling of marijuana – may or may not, because I did not mark it down – he admitted he just smoked it, and threw it down, recovering additional marijuana on his person with an admission that he was smoking marijuana in the car as he pulled up to go visit his cousin.

{¶11} The court concluded that the officer had probable cause for everything he did, with the exception of the search of the trunk. The trial court continued the

hearing to conduct additional research regarding the search of the trunk. To aid the court, Ulmer submitted a supplemental brief on that issue and conceded that the initial encounter with the officer was constitutional. Ultimately, the trial court determined that Ruberg had probable cause to search the trunk due to the odor of marijuana and Ulmer's admission that he had thrown marijuana on the ground. Ulmer has appealed, and in one assignment of error, he argues that the trial court erred in overruling the motion to suppress because Ruberg did not have reasonable suspicion to justify a *Terry* stop, and the warrantless search of Ulmer's car was unconstitutional.

## Standard of Review

{¶12} Appellate review of a decision on a motion to suppress presents a mixed question of law and fact. *State v. Showes*, 1st Dist. Hamilton No. C-180552, 2020-Ohio-650, ¶ 9. "We must accept the trial court's findings of fact if they are supported by competent and credible evidence, but we review de novo the application of the relevant law to those facts." *Id*.

{¶13} Under the Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution, warrantless searches are per se unreasonable without prior approval of a judge or magistrate, subject to a few well-established exceptions. *See State v. Ward*, 2017-Ohio-8141, 98 N.E.3d 1257, ¶ 13 (1st Dist.); *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Under the automobile exception, an officer may conduct a warrantless search of an automobile if there is probable cause to believe the vehicle contains contraband. *State v. Moore*, 90 Ohio St.3d 47, 51, 734 N.E.2d 804 (2000). "Probable cause is 'a belief reasonably arising out of circumstances known to the seizing officer, that an

automobile or other vehicle contains that which by law is subject to seizure and destruction.' " *State v. Durham*, 2013-Ohio-4764, 999 N.E.2d 1233, ¶ 32 (12th Dist.), quoting *State v. Kessler*, 53 Ohio St.2d 204, 208, 373 N.E.2d 1252 (1978). However, the scope of the search is limited by the object of the search and the places that may conceal the contraband. *State v. Howard*, 1st Dist. Hamilton Nos. C-070174 and C-070175, 2008-Ohio-2706, ¶ 11.

### The Officer did not have Probable Cause to Search the Trunk

{¶14} Ulmer first contends that the officer did not have reasonable suspicion to detain him. In response, the city argues that Ulmer waived the right to challenge the initial stop by conceding in his supplemental brief that the initial stop was constitutional.

{¶15} Although Ulmer challenged the stop in his motion to suppress, he did not argue that the initial stop was unconstitutional at the suppression hearing, and he conceded in his supplemental brief that the initial encounter was constitutional. Thus, Ulmer abandoned this argument and invited any error by the trial court in not addressing whether the initial stop was supported by reasonable suspicion, and he is precluded from raising the issue now, even under a plain-error analysis. *See State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27; *State v. Robinson*, 4th Dist. Washington No. 16CA22, 2017-Ohio-8273, ¶ 32 (a defendant who abandons a claim raised in his motion to suppress waives even plain error on appeal).

{¶16} Next, Ulmer asserts that the officer did not have probable cause to search the passenger compartment or the trunk of his vehicle because the odor of burning marijuana was outside of the vehicle. Ulmer is mistaken because Ruberg

testified that the odor of marijuana was coming from the car. It is well established that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement." *Moore*, 90 Ohio St.3d at 48, 734 N.E.2d 804. Therefore, the search of the passenger compartment was justified.

{¶17} However, "[a] trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches." *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, ¶ 51. The "odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of a vehicle." *Id.* at ¶ 52. "This proposition is established by the common sense observation that an odor of burning marijuana would not create an inference that burning marijuana was located in a trunk." *State v. Gonzales*, 6th Dist. Wood No. WD-07-060, 2009-Ohio-168, ¶ 21.

{¶18} Ulmer argues that the smell of burning marijuana was insufficient to provide probable cause to search the trunk. The city contends that the search of the trunk was supported by the "raw marijuana joint" found in the passenger compartment, Ulmer's admissions and possession of a small amount of marijuana, and the strong odor of marijuana.

{¶19} After a thorough review of the record, we conclude that Ruberg relied solely on the odor of burning marijuana, standing alone, to justify the search of the trunk. A review of the video confirms that Ruberg smelled burning marijuana and scanned the immediate area around the car and searched the inside of the car for the source of the odor. Ruberg believed that the marijuana was still burning based upon

7

the strong odor in the general area. Ruberg did not find raw marijuana in the car; he found the burnt end of a marijuana joint. Moreover, Ruberg did not testify that he smelled raw marijuana or that he was trained to detect the odor of raw marijuana.[1] The sole focus of Ruberg's search was the source of the odor of burning marijuana. Thus, the odor of burning marijuana did not support a search of the trunk. *See id.*; *Farris* at ¶ 52.

{¶20} Contrary to the city's argument, this is not a case where additional factors indicating drug activity were present to justify the search of the trunk. For example, Ruberg did not find drug paraphernalia, scales, or a large quantity of cash. *See, e.g., State v. Braxton*, 12th Dist. Warren No. CA2019-03-019, 2020-Ohio-424, ¶ 18 (finding that the discovery a prescription pill bottle and a cellophane wrapped oxycodone pill in the center console, in addition to the odor of burnt marijuana, provided probable cause to expand the search to the trunk); *State v. Quaker*, 3d Dist. Allen No. 1-19-33, 2020-Ohio-2887, ¶ 26-28 (probable cause was established when the trooper saw raw marijuana shake in the car and felt large quantities of cash in defendant's pockets, defendant provided an expired rental agreement, defendant was not the person named in the agreement, and no additional drivers were authorized to drive the car); *State v. Whatley*, 5th Dist. Licking No. 10-CA-93, 2011-Ohio-2297, ¶ 30 (officer found marijuana in the passenger compartment of the car in plain view, was given a false name by defendant, and the driver made an attempt to get into the trunk as she was walking toward the officer's cruiser).

{¶21} Accordingly, we sustain the assignment of error because the officer did not have probable cause to search the trunk.

---

[1] Presumably, the city would have elicited testimony regarding Ruberg's training to detect the odor of raw marijuana had the officer testified that he smelled raw marijuana.

Conclusion

**{¶22}** We sustain the assignment of error, reverse the trial court's judgment in the case numbered C-190304, reverse the conviction for improperly handling firearms in a motor vehicle, and Ulmer is discharged on that count. We affirm the judgments of the trial court in the cases numbered C-190305 and C-190306.

Judgment accordingly.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry this date.