[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Vega,* Slip Opinion No. 2018-Ohio-4002.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4002

THE STATE OF OHIO, APPELLANT, *v.* VEGA, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Vega,* Slip Opinion No. 2018-Ohio-4002.]

*Criminal law—Fourth Amendment—Police officer had probable cause to search car from which strong odor of marijuana emanated—After finding marijuana and other drug paraphernalia in car, police officer had probable cause to open sealed envelopes found in the car, based on his reasonable belief that they could contain marijuana.*

(No. 2017-0618—Submitted June 12, 2018—Decided October 3, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 104058, 2017-Ohio-651.

_____

**O'DONNELL, J.**

{¶ 1} The state of Ohio appeals from a judgment of the Eighth District Court of Appeals that affirmed the trial court's suppression of 150 individually wrapped pieces of marijuana infused candy contained in two sealed Priority Mail envelopes located inside an open box on the back seat of Edwin Vega's car during a traffic

stop.  The issues presented on this appeal concern the legality of the search of the sealed envelopes located in Vega's vehicle and the duration of the traffic stop.

**Facts and Procedural History**

{¶ 2} On March 28, 2015, Officer Jeffrey Madej, of the Cleveland State University Police Department, observed Vega turn left at a red light at E. 18th Street and Euclid Avenue in Cleveland.  He initiated a traffic stop, and while approaching the car, he smelled a strong odor of marijuana coming from the vehicle.  He asked Vega to exit the vehicle because he intended to search it based on the strong smell.

{¶ 3} During the search, Madej recovered three cell phones, several raw buds of marijuana, a small amount of what Madej called "shake weed," and an open package of fruit flavored SweetStone candy in the console.  He also found several cases of rolling papers, aerosol canisters containing an odor masking agent, and a partially opened U.S. Postal Service box containing two sealed Priority Mail envelopes.  Madej felt the packages and believed that they contained individually packaged drugs.  Vega told him that they contained stickers, but Madej did not believe the contents felt like stickers and wanted to open them, but Vega refused to consent.

{¶ 4} Madej contacted his supervisor and other officers in an attempt to determine whether he had probable cause to open the envelopes and to secure a drug-detecting dog but he could not do so.  He then wrote Vega tickets for making an illegal turn and possessing marijuana.  After explaining the tickets to Vega, Madej decided to open the sealed envelopes based on the odor of marijuana coming from the car and the discovery of three cell phones, the aerosol canisters, the large quantity of rolling papers, the marijuana buds, and the shake weed.

{¶ 5} Madej opened one of the envelopes and found three large Ziplock clear bags containing 75 packages that indicated that they contained marijuana infused candy.  Madej realized that the packaging was the same as the packaging of the candy he had seen in the center console and that it also was marijuana infused.

He then arrested Vega for drug trafficking. The arrest occurred one hour and 12 minutes after the initial traffic stop. Later testing confirmed the candy contained marijuana. The second sealed envelope was later opened and also contained 75 packages of marijuana infused candy.

{¶ 6} On September 9, 2015, a grand jury indicted Vega for drug trafficking, drug possession, and possession of criminal tools. Vega moved to suppress the marijuana candy found in the mail envelopes, arguing a lack of probable cause to open the envelopes and a violation of his constitutional rights based on the duration of the stop.

{¶ 7} On January 25, 2016, the trial court granted Vega's motion to suppress the marijuana candy recovered from the envelopes, holding that the smell of marijuana coming from the vehicle did not provide probable cause to open the envelopes because Madej agreed at trial that they did not smell like marijuana. The court also held that the police had detained Vega for an unreasonable length of time.

{¶ 8} A divided Eighth District Court of Appeals panel affirmed the trial court's judgment. The majority explained that the police had probable cause to search Vega's vehicle based on finding a small amount of marijuana and on the smell of marijuana but that they did not have probable cause to open the envelopes, because they did not smell of marijuana and the trial court did not believe that Madej opened them with the belief that they contained marijuana. Lastly, the majority concluded that Madej should have released Vega after issuing the misdemeanor citations, since "the search of the car revealed no further incriminating evidence." 2017-Ohio-651, 79 N.E.3d 600, ¶ 14.

{¶ 9} The dissenting jurist explained that the trial court's ruling of probable cause to search meant that Madej could open the envelopes because he reasonably believed they could contain marijuana, and the delay in opening them was immaterial because Madej had probable cause to open them.

{¶ 10} The state appealed to this court, and we accepted the following proposition of law:

The Fourth Amendment's prohibition against unreasonable searches and seizures is not violated when police extend a traffic stop based on probable cause that the vehicle contains contraband. Officers may extend the traffic stop and detain the driver for as long as necessary to reasonably complete the search of the vehicle and its packages and containers without a showing of individualized probable cause for each one. *Rodriguez v. United States*, [ ___ U.S. ___,] 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015) and *United States v. Ross*, 456 U.S. 798, [102 S.Ct. 2157,] 72 L.Ed.2d 572 (1982) explained.

**Positions of the Parties**

{¶ 11} The state urges that Madej lawfully opened the envelopes in Vega's car because he had probable cause to believe they contained marijuana. It further justifies the extended traffic stop based on the probable cause to search the vehicle and Madej's reasonable efforts to obtain a canine unit to assist in the search.

{¶ 12} Vega agrees that Madej had probable cause to search but Vega asserts the police lacked probable cause to open the envelopes because they did not smell like marijuana. He also claims the infused candy should be suppressed because of the length of his detention.

**Law and Analysis**

*Search and Seizure*

{¶ 13} In *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the court held that the automobile exception to the Fourth Amendment's warrant requirement permits the warrantless searches of containers

that could contain items for which officers have probable cause to search. In *Ross*, the Supreme Court examined whether the search of a brown bag found in the trunk of a vehicle was reasonable within the meaning of the Fourth Amendment. The court held that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id*. at 825.

{¶ 14} Nearly two decades later, the court revisited warrantless searches of containers under the automobile exception. In *Wyoming v. Houghton*, during a traffic stop, an officer observed a syringe in the driver's shirt pocket, so he searched the car and the purse of a passenger and found more drug paraphernalia in the purse. 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999). Although the Wyoming Supreme Court suppressed the evidence, the United States Supreme Court reversed, explaining that "neither *Ross* itself nor the historical evidence it relied upon admits of a distinction among packages or containers based on ownership. When there is probable cause to search for contraband in a car, it is reasonable for police officers * * * to examine packages and containers without a showing of individualized probable cause for each one." *Id.* at 302.

{¶ 15} This court has recognized that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement." *State v. Moore*, 90 Ohio St.3d 47, 48, 734 N.E.2d 804 (2000).

{¶ 16} In this case, Madej testified that he smelled a strong odor of marijuana which could not be accounted for by the small amount of marijuana that he found in the center console. He also found other indicia of trafficking, to wit, three cell phones, odor masking agents, and cases of rolling papers. Based on the probable cause to search and the holding in *Ross*, Madej lawfully opened the sealed envelopes.

*Extension of Traffic Stop*

**{¶ 17}** In *Rodriguez v. United States*, the United States Supreme Court held that absent reasonable suspicion of criminal activity, the extension of a traffic stop to allow a drug-detecting dog to sniff the vehicle violates the Fourth Amendment. ___ U.S. ___, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015). When an officer has reasonable suspicion of criminal activity, however, nothing in *Rodriguez* limits his ability to prolong the stop for a reasonable time in order to conduct an investigation. *See id.* at 1615 ("An officer, in other words, may conduct certain unrelated checks during an otherwise lawful traffic stop * * * [but] he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual"). We have held that a traffic stop may be prolonged if there is "reasonable suspicion under the totality of the circumstances [to] justif[y] the ongoing detention." *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, ¶ 22.

**{¶ 18}** Vega claims that his detention became unlawful after he received the traffic citations, because no reasonable suspicion existed to prolong the stop to conduct further investigation. He ignores that probable cause existed to detain him *and* open the envelopes based on the strong odor of marijuana coming from the car and other evidence of trafficking. Even though Madej could not locate a canine unit, the length of the detention was reasonable because probable cause existed to search the vehicle and its contents. *See Rodriguez* and *Batchili*. And based on *Ross*, Madej acted lawfully when he opened the envelopes because he had probable cause to search the vehicle and he reasonably believed they could have contained marijuana.

**{¶ 19}** The length of the stop was extended based on probable cause to believe that the vehicle contained contraband, and we therefore reject his claim of unlawful detention.

**Conclusion**

{¶ 20} After finding marijuana and other drug paraphernalia in Vega's car, Madej had probable cause to open the envelopes because it was reasonable to believe that they could contain marijuana. Further, based on *Rodriguez* and *Batchili*, Madej had the right to detain Vega for as long as reasonably necessary to complete the search of the vehicle.

{¶ 21} Accordingly, we reverse the judgment of the appellate court and remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

KENNEDY, FRENCH, FISCHER, DEWINE, and ZAYAS, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

MARILYN ZAYAS, J., of the First District Court of Appeals, sitting for DEGENARO, J.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, for appellant.

Henderson, Mokhtari & Weatherly and Justin M. Weatherly, for appellee.

_____