[Cite as *State v. Bennett*, 2021-Ohio-937.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                                   :          Case No. 20CA4

     Plaintiff-Appellee,                      :

v.                                                        :          <u>DECISION AND</u>
                                                                     <u>JUDGMENT ENTRY</u>
KIONNA M. BENNETT,                         :

     Defendant-Appellant.                  :          **RELEASED 03/19/2021**
_____
<u>APPEARANCES</u>:

Angela Miller, Jupiter, Florida, for appellant.

Jayme Hartley Fountain, Pickaway County Assistant Prosecutor, Circleville, Ohio, for appellee.
_____
Hess, J.

{¶1}   Kionna M. Bennett appeals her conviction, following a no contest plea, for trafficking in cocaine with a forfeiture specification.  The charges stem from a traffic stop of a vehicle in which Bennett was a passenger. During the stop an Ohio State Highway Patrol trooper searched the vehicle and discovered approximately 2,000 grams of cocaine.  Bennett contends that the trial court erred when it denied her motion to suppress because the trooper did not have reasonable suspicion to initiate the traffic stop and lacked probable cause to search the vehicle. However, the vehicle lacked a proper license plate, which provided reasonable suspicion for the stop. After the stop, the trooper detected the odor of marijuana emanating from the vehicle, which provided probable cause for the search.  For these reasons we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

**{¶2}**   The Pickaway County grand jury indicted Bennett on one count each of trafficking in cocaine and possession of cocaine, both with forfeiture specifications. She moved to suppress all evidence obtained as a result of the traffic stop and the trial court conducted a hearing on the motion.

**{¶3}**   Ohio State Highway Patrol Trooper Spencer Large testified that on July 17, 2019, he was on duty in a marked cruiser parked in a crossover observing southbound traffic traveling on U.S. 23 in Pickaway County, Ohio. A brown Kia Sentra passed him heading southbound. Trooper Large observed the female driver of the Kia very close to the steering wheel and the license plate of the vehicle "was different." Trooper Large pulled out and followed the vehicle and saw that the rear plate of the vehicle was a large plastic plate with the words, "Tag Applied For." The state submitted into evidence the video recording of the stop and a photograph of the "Tag Applied For" plate.

**{¶4}**   Trooper Large testified that he initiated the stop based on the faulty license plate registration violation and because the Kia was travelling too close to the vehicle in front of it. Trooper Large approached the vehicle and explained the reasons for the stop. While talking with the driver and Bennett, Trooper Large detected the odor of marijuana and alcoholic beverages coming from the vehicle and asked the driver and Bennett whether they had been drinking. After detecting the odor of marijuana, Trooper Large gave the driver and Bennett *Miranda* warnings. Trooper Large placed the driver and Bennett into handcuffs and put them into the back of his patrol car. Bennett admitted to smoking marijuana all day and all the previous day. Trooper Large searched

the vehicle because he had detected the odor of marijuana in the vehicle. He discovered a small amount of marijuana in the center console of the vehicle and "two kilo bricks" of cocaine in a black bag in the back seat of the vehicle. After he concluded his search, Trooper Large performed a field sobriety test on the driver, who was arrested for OVI as well.

{¶5} The trial court denied the motion to suppress. It found that Trooper Large "stopped the vehicle after observing that the license plate displayed on the vehicle simply read 'Tag Applied For' and did not display any other information" and that the driver "was following another vehicle too closely." In addition, the court found that after the stop, Trooper Large "noticed the odor of marijuana and alcohol emanating from the vehicle." Trooper Large searched the vehicle and discovered a bag containing "two bricks of cocaine."

{¶6} The trial court concluded that Trooper Large had reasonable suspicion to stop the vehicle because it displayed an improper license tag. The testimony and video footage of the stop showed that when the lawful traffic stop occurred, Trooper Large became aware of the odor of marijuana emanating from the vehicle. The court held, "Case law is clear on this point. The smell of burnt marijuana provides probable cause justification for a police officer's warrantless search of a defendant's person and car for marijuana."

{¶7} The state moved to amend the indictment to dismiss the count for possession of cocaine, which the court granted, and Bennett pleaded no contest to the remaining count of trafficking in cocaine. The trial court found her guilty of that offense

and imposed a minimum of three years in prison, up to a maximum of four and one-half years.

## II.  ASSIGNMENT OF ERROR

{¶8}   Bennett presents the following assignment of error:

> The trial court erred in denying Appellant Bennett's Motion to Suppress as the traffic stop was unlawful and the search of the vehicle where she was a passenger was unlawful. Any evidence obtained from the warrantless search should have been suppressed. U.S. Const. Amends. IV and XIV, Ohio Const., Art. I., § 14.

## III.  STANDARD OF REVIEW

{¶9}   In general "appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 7, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  The Supreme Court of Ohio has explained:

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.  Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.)  *Burnside* at ¶ 8.

## IV.  LAW AND ANALYSIS

{¶10}  "The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures."  *State v. Emerson*, 134 Ohio St.3d 191, 2012-Ohio-5047, 981 N.E.2d 787, ¶ 15.  The Supreme Court of Ohio has held that these provisions provide the same protection in felony

cases.  *State v. Hawkins*, 158 Ohio St.3d 94, 2019-Ohio-4210, 140 N.E.3d 577, ¶ 18. "This constitutional guarantee is protected by the exclusionary rule, which mandates the exclusion at trial of evidence obtained from an unreasonable search and seizure." *State v. Petty*, 4th Dist. Washington Nos. 18CA26 & 18CA27, 2019-Ohio-4241, ¶ 11.

**{¶11}**  " '[S]earches [and seizures] conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' " (Footnotes omitted and alterations sic.)  *State v. Conley*, 4th Dist. Adams No. 19CA1091, 2019-Ohio-4172, ¶ 17, quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).  "Once a defendant demonstrates that he or she was subjected to a warrantless search or seizure, the burden shifts to the state to establish that the warrantless search or seizure was constitutionally permissible."  *State v. Dorsey*, 4th Dist. Scioto No. 19CA3874, 2019-Ohio-3478, ¶ 13.  In this case, the state concedes that Trooper Large acted without a warrant.

### A.  The Traffic Stop

**{¶12}** Bennett contends that the trial court erred when it denied her motion to suppress because Trooper Large lacked reasonable suspicion to initiate the traffic stop. She argues that the initial behavior that caught Trooper Large's eye was the driver sitting too close to the steering wheel, which he acknowledged was not a violation of any traffic law.

**{¶13}** This case involved an investigatory stop, which "must be supported by a reasonable, articulable suspicion that the driver has, is, or is about to commit a crime,

including a minor traffic violation." *Petty*, 4th Dist. Washington Nos. 18CA26 & 18CA27, 2019-Ohio-4241, at ¶ 12. In *Petty*, we recently explained:

> "To justify a traffic stop based upon reasonable suspicion, the officer must be able to articulate specific facts that would warrant a person of reasonable caution to believe that the driver has committed, or is committing, a crime, including a minor traffic violation." *State v. Taylor*, 2016-Ohio-1231, 62 N.E.3d 591, ¶ 18 (4th Dist.). The existence of reasonable suspicion depends on whether an objectively reasonable police officer would believe that the driver's conduct constituted a traffic violation based on the totality of the circumstances known to the officer at the time of the stop.
>
> Moreover, a police officer may stop the driver of a vehicle after observing even a de minimis violation of traffic laws. "[A] traffic stop with the proper standard of evidence is valid regardless of the officer's underlying ulterior motives as the test is merely whether the officer 'could' have performed the act complained of; pretext is irrelevant if the action complained of was permissible." *See State v. Koczwara*, 7th Dist. Mahoning No. 13MA149, 2014-Ohio-1946, ¶ 22 * * *.

(Citations omitted. Alteration sic.) *Id.* at ¶ 12-13.

**{¶14}** Trooper Large testified that it was both the driver's position in the vehicle and the suspicious plate that initially caught his attention. He initiated the traffic stop when, upon closer inspection, he saw that the plastic plate read "Tag Applied For." This constituted a violation of R.C. 4503.21(A), "No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the rear of the motor vehicle a license plate that displays the distinctive number and registration mark assigned to the motor vehicle * * * including any county identification sticker and any validation sticker * * * ." A violation of this provision is a minor misdemeanor. *See* R.C. 4503.21(B). In addition, the state placed into evidence a photograph of the plastic "Tag Applied For" plate. The trial court's finding that Trooper Large observed a traffic violation is supported by competent,

credible evidence. As a result, Trooper Large had reasonable suspicion to initiate the traffic stop.

### B.  The Search of the Vehicle

**{¶15}** Bennett contends that the trial court erred when it denied her motion to suppress because the search of the vehicle was unlawful. She argues that the trial court improperly relied upon the "probable cause to search" exception for the warrantless search.  Bennett argues that the mere fact that the driver was arrested for an OVI is not a sufficient justification to search the vehicle for evidence of the OVI. And, the fact that Bennett admitted to smoking marijuana all day for the previous two days was not sufficient justification for Trooper Large to search the vehicle for marijuana. *See State v. Eversole*, 3d Dist. Van Wert No. 15-17-03, 2017-Ohio-8436.

**{¶16}** In *Eversole,* a police officer stopped and arrested Eversole for OVI. After handcuffing her and detaining her in the rear seat of the patrol car, the officer searched Eversole's car for evidence of the elements of OVI, specifically the use of narcotics. The officer believed Eversole "was under the influence of drugs or narcotics, so I was going to look for evidence of narcotic use." *Id.* at ¶ 31. However, there was no evidence of contraband in plain view, nor was there any odor of alcohol, marijuana or other illegal substance emanating from the vehicle.

> Officer Wehage provided two reasons why he searched Eversole's vehicle: (1) it is the police department's "standard policy" to search an operator's vehicle incident to his or her arrest for OVI and (2) he believed that the vehicle contained evidence relevant to the OVI offense based on his experience with OVI offenses involving narcotics use. Neither of these reasons is particularized to Eversole or the circumstances of this case.

*Id.* at ¶ 37.  The appellate court rejected these justifications as not particularized. It found that the state had to show that the officer "had reason to believe, based on

common-sense factors and the totality of the circumstances, that evidence of Eversole's OVI arrest was inside her vehicle." *Id.* at ¶ 36. However, the officer failed to "articulate any particularized reason why he believed that Eversole's vehicle contained evidence of OVI." *Id.*

{¶17} Here Trooper Large did not base his search of the vehicle on his arrest of the driver for OVI or on Bennett's statement that she had been smoking marijuana for the previous two days. To the contrary, his search of the vehicle occurred before he administered a field sobriety test on the driver and arrested her for OVI. Instead, Trooper Large testified that he searched the interior of the vehicle because he detected the odor of marijuana coming from inside the vehicle upon his initial approach to the vehicle. The trial court found that Trooper Large had probable cause to search the passenger compartment of the vehicle because he detected the odor of marijuana in the vehicle. *See State v. Vega,* 154 Ohio St.3d 569, 2018-Ohio-4002, 116 N.E.3d 1262 (2018) (" 'the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement' " quoting *Moore, infra*); *State v. Moore*, 90 Ohio St.3d 47, 2000-Ohio-10, 734 N.E.2d 804 (2000) ("we hold that the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search"); *State v. Maughmer,* 4th Dist. Ross No. 09CA3127, 2010-Ohio-4425, ¶ 13 ("The smell of marijuana in itself gave Officer Campbell probable cause to search the vehicle for additional controlled substances"); *see also State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, ¶ 52 (2006) (odor of marijuana established probable cause to search passenger

compartment of vehicle but, standing alone, did not establish probable cause for warrantless search of trunk of vehicle). Trooper Large had probable cause to search the passenger compartment of the vehicle because he detected the odor of marijuana emanating from the vehicle.

**{¶18}** The trial court did not err in denying Bennett's motion to suppress. Trooper Large had reasonable suspicion to initiate the traffic stop because of the license plate violation and probable cause to search the passenger compartment of the vehicle due to the odor of marijuana. We overrule Bennett's sole assignment of error.

### V.  CONCLUSION

**{¶19}** Having overruled the assignment of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
　　　Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**