[Cite as *State v. Payne*, 2023-Ohio-4198.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230144 |
| | | TRIAL NO. B-2201501 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| EDDIE PAYNE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 22, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Following no-contest pleas, defendant-appellant Eddie Payne was convicted of aggravated trafficking in drugs under R.C. 2925.03(A)(2) and having weapons under a disability under R.C. 2923.13(A)(2). He now appeals those convictions. In his sole assignment of error, he asserts that the trial court erred in denying his motion to suppress evidence obtained following a warrantless search of his vehicle after a traffic stop. We find no merit in his arguments, and we affirm his convictions.

{¶2} The record shows that on March 29, 2022, Officers Taylor Howard and Cameron Fehrman of the Cincinnati Police Department were assigned to conduct traffic stops in their marked cruiser. They were working in Winton Terrace, which is a high-crime area with ongoing complaints of drug use and drug trafficking.

{¶3} The officers received a request from plain clothes officers to stop a vehicle for making a turn on to Winneste Avenue without using a turn signal. They followed the vehicle, which was being driven by Payne, and discovered that the vehicle's temporary license plate had expired.

{¶4} The officers initiated a traffic stop. Officer Fehrman approached the driver's side, explained the reason for the stop, and asked Payne for his license and proof of insurance. At the same time, Officer Howard approached the passenger side. Both officers smelled a strong odor of marijuana emanating from the vehicle. In the ashtray, Officer Howard saw a crumpled-up lottery ticket. He stated that in his experience, lottery tickets are used to wrap marijuana and other drugs. He asked Payne if it contained marijuana. Payne handed it to him, and he opened it up and found "shake," particles of raw marijuana, "just as if a bud was in there at one point."

2

{¶5}   Based upon the odor and the "shake," the officers decided to search the vehicle. They detained Payne, handcuffed him, and put him in a police cruiser. During the search, they discovered clear bags of raw marijuana and a small baggie containing pills, later determined to be methamphetamine, in the center console. They recovered a loaded gun under the driver's seat. In a backpack on the back seat, they found paperwork relating to an ongoing criminal case against Payne in the Boston area. Subsequently, Payne was arrested.

{¶6}   In his sole assignment of error, Payne contends that the trial court erred in denying his motion to suppress evidence obtained from the search of his vehicle. He argues that the search of the vehicle and the seizure of his person were unconstitutional under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and that "the intrusion was greater than necessary under the totality of the circumstances." This assignment of error is not well taken.

{¶7}   Appellate review of a motion to suppress presents a mixed question of law and fact. We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Houston*, 1st Dist. Hamilton No. C-190598, 2020-Ohio-5421, ¶ 56.

{¶8}   An investigative stop is a seizure within the meaning of the Fourth Amendment that must be supported by objective justification. *State v. Andrews*, 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991); *Houston* at ¶ 57. The analysis is governed by the standards enunciated in *Terry* and its progeny. *Andrews* at 87. *Terry* held that the police may stop and temporarily detain an individual for an investigation "when an officer has reasonable suspicion based on specific and articulable facts that criminal

activity has occurred or is imminent." *State v. Rogers*, 1st Dist. Hamilton No. C-210666, 2022-Ohio-4535, ¶ 18.

{¶9} Payne's reliance on *Terry* is misplaced. He concedes that the initial stop of his vehicle was "justified at its inception." *See Terry* at 19-20. Where an officer has "probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable * * * even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." *State v. Mosley*, 1st Dist. Hamilton No. C-200448, 2021-Ohio-3472, ¶ 8, quoting *Dayton v. Erickson*, 76 Ohio St.3d 3, 11, 665 N.E.2d 1091 (1996).

{¶10} As to the propriety of the search, the trial court did not rely on *Terry*. It found that the police officers had probable cause to search Payne's vehicle. Reasonable suspicion is a less demanding standard than probable cause. *Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); *State v. Erkins*, 1st Dist. Hamilton No. C-110675, 2012-Ohio-5372, ¶ 32. An officer who has probable cause necessarily has a reasonable and articulable suspicion. Therefore, probable cause is a complete justification for a stop. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23; *Erkins* at ¶ 32.

{¶11} Under the automobile exception to the warrant requirement, police officers may conduct a warrantless search of an entire vehicle if the officers have probable cause to believe that they will discover evidence of a crime. *State v. Moore*, 90 Ohio St.3d 47, 51, 734 N.E.2d 804 (2000); *In re L.S.*, 1st Dist. Hamilton No. C-150526, 2016-Ohio-5582, ¶ 15; *State v. Jones*, 1st Dist. Hamilton No. C-130069, 2014-Ohio-1201, ¶ 6. Officers who have probable cause to search an automobile may search all packages and containers inside the car if they have probable cause to believe that

the package or container contains contraband. *Wyoming v. Houghton*, 526 U.S. 295, 302, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999); *In re L.S.* at ¶ 15.

{¶12} Probable cause to search exists where "known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Jones* at ¶ 16, quoting *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Whether probable cause exists depends on the objective factors articulated by the officer. If the search is objectively reasonable, the officer's stated reason for the search is irrelevant. *In re L.S.* at ¶ 16.

{¶13} Payne argues that the odor of marijuana and the small amount of "shake" in the vehicle did not provide probable cause to search the vehicle. The Ohio Supreme Court has held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement." *State v. Vega*, 154 Ohio St.3d 569, 2018-Ohio-4002, 116 N.E.3d 1262, ¶ 15, quoting *Moore* at 48; *State v. Curry*, 1st Dist. Hamilton No. C-210274, 2022-Ohio-627, ¶ 21.

{¶14} Payne further argues that there was so little marijuana in the lottery ticket "that the officers could not have smelled it to any degree rising to probable cause." The trial court found the officers' testimony that they smelled a strong odor of marijuana to be credible and supported by the fact that the officers discovered "at least two clear bags of raw marijuana approximately the size of a human hand in close proximity to where the officers indicated that they smelled marijuana."

{¶15} Once the officers smelled the strong odor of marijuana and discovered the marijuana in the lottery ticket, they had probable cause to believe that the vehicle contained contraband. Therefore, they were justified in conducting a warrantless

search of the vehicle and the containers inside under the automobile exception to the warrant requirement. *See Vega* at ¶ 13-16; *State v. Jackson*, 1st Dist. Hamilton No. C-190676, 2021-Ohio-517, ¶ 18. Consequently, we overrule Payne's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.**, and **BOCK, J.**, concur.

Please note:
    The court has recorded its own entry this date.