[Cite as *State v. Hall*, 2024-Ohio-835.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112865 |
| v. | : | |
| ENOCH HALL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 7, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664990-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carla B. Neuhauser, Assistant Prosecuting Attorney, *for appellee*.

Joseph V. Pagano, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Enoch Hall ("appellant") appeals his convictions in this case. Upon review, we affirm.

{¶ 2} On December 15, 2021, appellant was indicted on charges for trafficking in violation of R.C. 2925.03(A)(2), drug possession in violation of

R.C. 2925.11(A), and possession of criminal tools in violation of R.C. 2923.24(A), each a felony of the fifth degree and each with forfeiture specifications. Appellant filed a motion to suppress that was denied by the trial court following a hearing that was held prior to the start of trial.

{¶ 3} The charges arose from an incident that occurred on October 15, 2021, when Cleveland Metroparks police officers found appellant sleeping in the driver's seat of a vehicle parked in Edgewater Park at 12:30 a.m., which is after closing hours when people are not permitted in the park. Upon approaching the vehicle, Officers Kara Ditch and Kevin Huff both smelled the odor of raw marijuana coming from the vehicle and also observed a suspected marijuana blunt in plain view on the center console. When a police sergeant arrived at the scene, appellant stepped out of the vehicle and was handcuffed for officer safety, searched, and placed in the back of a police cruiser. The officers searched appellant's vehicle and found the suspected marijuana blunt, a plastic bag of suspected raw marijuana, a grocery bag containing a white powder that tested positive for cocaine, two scales, $3,018, three cell phones, a box of sandwich bags, and baking powder. The suspected marijuana was never tested. Other testimony and evidence were presented.

{¶ 4} During trial, the trial court denied appellant's motions for acquittal. The jury found appellant guilty on all counts and specifications. On May 17, 2023, the trial court sentenced appellant to a jail term of 14 days on each count.

{¶ 5} Appellant timely filed this appeal. He raises three assignments of error for review.

{¶ 6} Under his first assignment of error, appellant claims the trial court erred by denying his motion to suppress. Appellant argues the officers lacked probable cause to search him or his vehicle.

{¶ 7} "Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact." *State v. Toran*, Slip Opinion No. 2023-Ohio-3564, ¶ 14, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). "But the appellate court must decide the legal questions independently, without deference to the trial court's decision." *Id.*, citing *Burnside* at ¶ 8.

{¶ 8} For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant, unless an exception to the warrant requirement applies. *State v. Moore*, 90 Ohio St.3d 47, 49, 734 N.E.2d 804 (2000), citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *State v. Brown*, 63 Ohio St.3d 349, 350, 588 N.E.2d 113 (1992). As the Supreme Court of Ohio has recognized, "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile

exception to the warrant requirement." *Id*. at 48. "There need be no other tangible evidence to justify a warrantless search of a vehicle." *Id*.

{¶ 9} In this case, both officers testified to being employed as police officers by the Cleveland Metroparks Police Department and to having received training relative to their employment. Officer Ditch testified to her training for identifying marijuana, including being trained in how it looks and how it smells. She testified that when she approached the vehicle and as appellant rolled down the window, she smelled the distinct odor of raw marijuana. She also observed a suspected marijuana blunt in plain view in the vehicle's center console. Officer Huff testified that he also smelled the distinct odor of raw marijuana as he approached the vehicle and observed a suspected marijuana cigarette in plain view. He testified he went to the police academy and has been trained to recognize controlled substances, including how to identify the smell of raw marijuana. He testified that he has smelled and observed both raw and burnt marijuana hundreds of times.

{¶ 10} We are not persuaded by appellant's arguments regarding the lack of testimony that the police officers were licensed, the lack of any contraband found on his person, the lack of testing of the suspected marijuana, or other challenges presented. The circumstances established that the Cleveland Metroparks officers were qualified to recognize the odor of marijuana. No additional factors were necessary to corroborate the suspicion of the presence of marijuana. *See id*. at 50. The officers had probable cause to search appellant's vehicle for contraband. Further, it was reasonable for them to examine bags or containers found in

appellant's vehicle. *See State v. Vega*, 154 Ohio St.3d 569, 2018-Ohio-4002, 116 N.E.3d 1262, ¶ 13-16, citing *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Wyoming v. Houghton*, 526 U.S. 295, 302, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999).

{¶ 11} Upon our review, we find the trial court did not err in denying appellant's motion to suppress. Appellant's first assignment of error is overruled.

{¶ 12} Under his second assignment of error, appellant claims that his convictions are not supported by sufficient evidence and that the trial court erred by denying his motions for acquittal.

{¶ 13} "'A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence.'" *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 164, quoting *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. When evaluating the sufficiency of the evidence, a reviewing court considers "whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶ 19, quoting *Jenks* at paragraph two of the syllabus.

{¶ 14} Appellant challenges the lack of investigation in this case to connect him to any of the contraband found in the car, to the phones found in the car, or to the car itself. The record demonstrates that appellant was found sleeping in the driver's seat of the vehicle at 12:30 a.m., which was after the park was closed. He rented the vehicle, he had the keys to the vehicle, and he was the sole occupant in the vehicle. The police found in the center console of the vehicle the suspected marijuana blunt, a plastic bag of suspected raw marijuana, a scale, and baking soda. In the driver's door was a grocery bag containing cocaine and cocaine base and a scale with cocaine residue on it. The total amount of cocaine was established to be less than five grams. In the glove box was a large amount of cash. In the back seat was a box of baggies. Three cell phones were also found in the vehicle.

{¶ 15} Upon a thorough review of the record, we find that the direct and circumstantial evidence in this case and the reasonable inferences that can be drawn therefrom were more than sufficient for any rational trier of fact to have found the essential elements of the crimes of trafficking under R.C. 2925.03(A)(2), drug possession under R.C. 2925.11(A), and possession of criminal tools under R.C. 2923.24(A), as well as the forfeiture specifications, proven beyond a reasonable doubt. We are not persuaded by appellant's arguments otherwise. The second assignment of error is overruled.

{¶ 16} Under his third assignment of error, appellant claims his convictions were against the manifest weight of the evidence. He incorporates the same challenges raised under his sufficiency argument.

{¶ 17} When evaluating a claim that a verdict is against the manifest weight of the evidence, "we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 18} After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we do not find the trial court clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed. Although appellant challenges the testimony and evidence that was provided, this is not the exceptional case in which the evidence weighs heavily against the conviction. The third assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR