[Cite as *State v. Wright*, 2025-Ohio-672.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240158 |
| | | TRIAL NO. C/22/TRC/29971 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N* |
| CHRISTOPHER WRIGHT, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 28, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Frost Brown Todd LLP* and *Nathaniel L. Truitt*, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

{¶1} Defendant-appellant Christopher Wright was convicted of OVI following a bench trial in which the sole issue was whether Wright had operated his vehicle while impaired. Wright's OVI arrest stemmed from an encounter at a gas station where police found Wright unconscious in the driver's seat. His car was in park, and he had drug paraphernalia in his hand. Because the State presented sufficient evidence to support an inference that Wright was impaired when he drove the vehicle to the gas station we affirm Wright's OVI conviction.

## I.    *Factual and Procedural History*

{¶2} The State charged Wright with one count of OVI in violation of R.C. 4511.19(A)(1)(a). Prior to trial, Wright stipulated that when police found him at the gas station, he was unconscious in the driver's seat of a vehicle with his foot on the brake, that he was impaired, and that the vehicle was running and in gear. Therefore, the only issue remaining for trial was whether Wright had actually operated the vehicle while impaired.

{¶3} The matter proceeded to a bench trial at which the State presented testimony from Officer Evan Lewin of the Green Township Police Department. The officer testified that at approximately 4:38 a.m. on December 18, 2022, emergency personnel responded to the B.P. gas station at 5488 Old Rybolt Road in Hamilton County, Ohio, for a possible overdose. Police found Wright unconscious in the driver's seat of a 2022 Nissan Rogue parked at a gas pump. Wright was holding what appeared to be a "crack pipe." Officer Lewin entered Wright's unlocked car on the passenger side, shifted the gear from drive into park, and turned off the ignition. Once Wright became conscious, he told police that he had not taken any drugs; however, the officer observed drugs and drug paraphernalia in Wright's vehicle, which would be

consistent, in the officer's opinion, with Wright using drugs in the vehicle. Police placed Wright under arrest. At the police station, Wright told Officer Lewin that he had driven from his parents' home to the gas station approximately 20 minutes prior to police contact.

{¶4} At trial, the State admitted, without objection, Wright's postarrest toxicology report, which showed multiple drugs in Wright's system, including marijuana, cocaine, amphetamines, clonazepam, alprazolam, and fentanyl-related compounds. At the conclusion of the State's case-in-chief, Wright moved for an acquittal under Crim.R. 29, which the trial court denied.

{¶5} Wright testified in his own defense at trial. According to Wright, on the morning in question, he had been driving from his parents' house to his home when he stopped to fill his vehicle with gas at the gas station. Wright put gas in his car and then sat in his car using his phone. Wright denied using any alcohol or drugs prior to his arrival at the gas station, but he admitted to using an unspecified drug while sitting in his vehicle parked at the gas pump. Wright testified that his vehicle contains a safety feature, which automatically engages the parking brake when the car starts. He explained that the parking brake must be manually disengaged before the car moves, even if the driver shifts into drive, touches the gas pedal, or releases the brake pedal. Wright presented a video exhibit where he demonstrated that the parking-brake light remained on, even when Wright shifted the vehicle into drive, until Wright manually released the parking-brake pedal. Wright admitted that he had lied to police initially about his drug use, but he maintained that he did not drive while impaired.

{¶6} At the conclusion of the evidence, Wright renewed his Crim.R. 29 motion, which the trial court again denied.

{¶7} The trial court found Wright guilty of OVI, determining that Wright had

operated the vehicle once he placed the gear shift in drive. The trial court sentenced Wright to 180 days in jail, with 177 days suspended, as well as a $375 fine, court costs, and a one-year license suspension, subject to driving privileges for work. The trial court stayed Wright's sentence pending this appeal.

## II. Analysis

**{¶8}** In in his first assignment of error, Wright argues that the trial court erred in denying his Crim.R. 29 motion for an acquittal because the State failed to produce sufficient evidence to show that he actually operated his vehicle while impaired. More specifically, Wright argues that sitting in his car with the gear in drive and the parking-brake engaged did not constitute movement under the OVI statute.

**{¶9}** This court reviews the denial of a Crim.R. 29(A) motion for an acquittal under the same standard as sufficiency of the evidence. *State v. Evenson*, 2023-Ohio-4196, ¶ 14 (1st Dist.). In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶10}** R.C. 4511.19(A)(1)(a) provides in relevant part that "[n]o person shall operate any vehicle . . . if, at the time of the operation . . . [t]he person is under the influence[.]" Operation in this context means "to cause or have caused movement of a vehicle." *See* R.C. 4511.01(HHH).

**{¶11}** Wright contends that he did not move the vehicle once he arrived at the gas station. But he does not dispute that he drove his car to the gas station. And he does not address whether he was under the influence during that period of time, as opposed to when the police arrested him shortly after he passed out at the gas pump.

Viewing the evidence in the light most favorable to the State, the evidence supports an inference that Wright indeed operated his vehicle while under the influence when he drove to the gas station.

**{¶12}** As the evidence presented at trial revealed, police encountered an unconscious Wright at 4:38 a.m. sitting in the driver's seat of a running vehicle. He was holding a "crack pipe," but no other drug paraphernalia was found in the car. The State, however, introduced a toxicology report that revealed the presence of multiple drugs, not merely crack, in Wright's system. This report supports the inference that Wright had ingested other substances prior to arriving at the gas station.

**{¶13}** Wright also told police that he had driven from his parents' home to the gas station a mere 20 minutes prior to when police encountered him passed out in his vehicle. This timeline further supports the inference that Wright had ingested intoxicating substances prior to his arrival.

**{¶14}** Even though police never actually saw Wright's vehicle moving, the trier of fact could reasonably infer from the evidence presented that Wright had operated his vehicle while impaired. We therefore determine that the State presented sufficient evidence of OVI, and the trial court did not err in overruling Wright's Crim.R. 29 motion.

**{¶15}** In urging this court to reverse his conviction, Wright relies on *State v. Anderson*, 2017-Ohio-8641 (1st Dist.). In *Anderson*, officers found the defendant unconscious sitting in the driver's seat of a vehicle in the parking lot of a city recreational facility. The driver's side door of the defendant's vehicle was open, and the keys were in the ignition, but the engine was off. The State charged the defendant with OVI, and the trial court found the defendant guilty. On appeal, the defendant argued that the State had failed to provide any evidence that he operated the vehicle

while impaired. The *Anderson* court agreed with defendant's argument and determined that the State did not provide sufficient evidence of operation. The *Anderson* court reasoned that the State had failed to provide any direct or circumstantial evidence of movement; for example, no one witnessed the defendant driving the vehicle, and the vehicle was not found in or alongside the roadway, but instead in a parking lot.

{¶16} But Wright's case is different from *Anderson*, because Wright admitted to driving his car from his parents' home to the gas station and stipulated that he was intoxicated when police found him there 20 minutes later. Given his admission of movement and stipulation to intoxication, combined with the toxicology report showing the presence of a number of chemical substances and the officer's testimony that Wright was completely unconscious, the trial court could reasonably infer that Wright was under the influence when he drove to the gas station.

{¶17} We overrule Wright's first assignment of error.

{¶18} In his second assignment of error, Wright argues that the trial court erred in convicting him of OVI, because his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. With regard to sufficiency, Wright again argues that the State failed to adduce sufficient evidence of operation to convict him of OVI. But as we determined in Wright's first assignment of error, Wright's conviction was supported by sufficient evidence. *See Jenks*, 61 Ohio St.3d at paragraph two of the syllabus.

{¶19} With regard to manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, and considers the credibility of the witnesses to determine whether the trier of fact clearly lost its way such that a manifest miscarriage of justice occurred, that the conviction must be

reversed, and a new trial ordered. *State v. Thompkins*, 1997-Ohio-52.

**{¶20}** Wright argues that his OVI conviction was against the manifest weight of the evidence because the trial court disregarded his testimony that he did not use drugs or alcohol prior to arriving at the gas station, only while parked at the gas station, and that his testimony was corroborated by Lewin's testimony that he saw drugs in the vehicle. Wright also points out that Lewin did not sense any movement of the vehicle when he placed the vehicle in park.

**{¶21}** In convicting Wright of OVI, the trial court, as the ultimate trier of fact, was free to reject Wright's testimony that he did not use drugs or alcohol prior to arriving at the gas station. Police found Wright unconscious in the driver's seat of his idling vehicle with the gear shift in drive, holding a "crack pipe" in his hand. Police observed drugs and drug paraphernalia in the car. Wright's postarrest toxicology screen showed multiple drugs in his system. Wright also admitted to officers that he had started driving from his parents' home to the gas station approximately 20 minutes before police found him. Therefore, we determine that this is not an exceptional case that warrants reversal on manifest-weight grounds, and Wright's OVI conviction was not against the manifest weight of the evidence.

**{¶22}** We overrule Wright's second assignment of error.

### III. Conclusion

**{¶23}** Having overruled Wright's assignments of error, we affirm the trial court's judgment convicting Wright of OVI.

Judgment affirmed.

**ZAYAS** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.