[Cite as *State v. Held*, 2026-Ohio-898.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO.   C-250268
                                          TRIAL NO.    23/TRC/19404/C
    Plaintiff-Appellee,          :

vs.                              :

ANDREW HELD,                     :        *JUDGMENT ENTRY*

    Defendant-Appellant.         :

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 3/18/2026 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *State v. Held*, 2026-Ohio-898.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250268 |
| | | TRIAL NO. | 23/TRC/19404/C |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| ANDREW HELD, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 18, 2026

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Chase O. McGary*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**MOORE, Judge.**

{¶1} Defendant-appellant Andrew Held appeals from the judgment of the Hamilton County Municipal Court after he was convicted for driving with a suspended license, and for refusing to take a chemical test while operating a vehicle while under the influence ("OVI-refusal"). Held has appealed only his conviction for OVI-refusal. Held argues that the court erred when it denied his motion to suppress and argues that his OVI-refusal conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. None of Held's arguments are meritorious, and therefore, the judgment of the trial court is affirmed.

## I. Factual and Procedural History

{¶2} On July 27, 2023, Cincinnati Police Officers Benjamin Allen and Nicholas Bicknell were dispatched in search of a white Buick allegedly involved in a hit-and-skip accident in Clermont County. Officers Allen and Bicknell were provided with a specific license plate number and the description of the driver. The officers visited the address the vehicle was registered to, and roughly a minute after their arrival, Held returned home, driving a white Buick. Both the Buick and Held matched the descriptions provided to the officers. Held exited from the vehicle and briefly spoke with officers before being placed under arrest for OVI. Held was charged with OVI, in violation of R.C. 4511.19(A)(1)(a), OVI-refusal, in violation of R.C. 4511.19(A)(2), and driving with a suspended license, in violation of R.C. 4510.11.

{¶3} Held filed a motion to suppress, arguing that the police lacked probable cause to believe that he was intoxicated. At the suppression hearing, Officer Allen testified that he observed several indicia of intoxication from Held. Officer Allen recalled that Held's speech was slurred, that his eyes were bloodshot and watery, and that he "reeked" of alcohol. Officer Allen also thought Held was acting "weird" based

on how he kept his hands clasped behind his back, and that his response to the officers' questions seemed defensive.

{¶4} The State also introduced portions of the footage from Officer Allen's body-worn camera ("BWC"). While the BWC footage did not show Held driving the car, Officer Allen testified that he turned his head and saw Held driving the car and parking it in the driveway.

{¶5} The BWC footage showed officers asking Held to remove his hands from his pockets, and Held proceeding to raise his hands into the air above his head, and then clasping his hands together behind his back. Other portions of the BWC footage showed officers asking Held about the accident the car was allegedly involved in and asking him where the damage to the car came from. Held responded with "you tell me" and "what accident happened." Officer Bicknell asked Held if he had been drinking, which Held denied. The last portion of the BWC footage showed Officer Allen asking Held if he would be willing to complete field sobriety testing, which Held refused.

{¶6} The court denied Held's motion to suppress, and the matter proceeded to a jury trial. Both Officers Allen and Bicknell testified for the State. Held stipulated that he had a prior OVI conviction and that his license was suspended on the arrest date.

{¶7} Officer Allen testified that he believed that Held was intoxicated and reiterated many of the same signs of intoxication that he testified to at the suppression hearing, including that Held's speech was slurred, he stuttered, his eyes were bloodshot and watery, and he "reeked" of alcohol. Officer Allen recalled that Held's act of raising his hands high over his head instead of just removing them from his pockets seemed strange. Officer Allen also noted that once Held was transported to the police station for processing, he became confused and agitated and was emotionally volatile.

Officer Allen testified that he charged Held for OVI-refusal after discovering that Held had a prior OVI conviction and that he refused to submit to a chemical test.

{¶8} However, the time of Held's arrest was not the last time that Officer Allen and Held spoke before trial. Officer Allen recalled that a few months following the arrest, he was approached by Held at a bar. Officer Allen stated that he believed Held was intoxicated at the time. Officer Allen further testified that Held admitted that he was drunk when he was arrested, but that he had to contest the charge due to other pending legal disputes. Officer Allen explained that he only informed the State of this statement a month prior to trial because he did not think that it would be admissible, and he believed the State had enough evidence without it.

{¶9} Officer Bicknell also testified that he believed that Held was intoxicated. Officer Bicknell testified that while searching Held's car for alcohol, he observed and smelled what he believed to be fresh vomit in a coffee cup. Officer Bicknell recalled that Held refused to submit to a field sobriety test, and that Held was belligerent and combative while being processed at the police station. Officer Bicknell testified that Held claimed that he was not driving his car, that he actually came from within his home. The State played portions of the footage from Bicknell's BWC at trial, which showed Held's volatile and combative behavior.

{¶10} At the close of the trial, the jury found Held not guilty of OVI but found him guilty of OVI-refusal as well as driving on a suspended license.[1] This appeal followed.

---

[1] While neither party has raised the issue of inconsistent verdicts, we note that in *State v. Harris*, 2017-Ohio-5594, ¶ 17–24 (1st Dist.), we held that a jury verdict of not guilty of OVI under R.C. 4511.19(A)(1)(a) was not inconsistent with a verdict of guilty of OVI-refusal under R.C. 4511.19(A)(2).

## II. Analysis

**{¶11}** We address Held's assignments of error challenging the court's denial of his motion to suppress as well as his sufficiency and manifest-weight challenges in turn.

## A. Motion to Suppress

**{¶12}** Our review of a motion to suppress presents a mixed question of law and fact. *State v. Curry*, 2022-Ohio-627, ¶ 12 (1st Dist.), citing *State v. Burnside*, 2003-Ohio-5372, ¶ 8. We must accept the trial court's factual findings if they are supported by competent and credible evidence and then must independently assess whether the facts satisfy the applicable legal standard. *Id.* at ¶ 13, quoting *Burnside* at ¶ 8.

**{¶13}** To determine if the police had probable cause to arrest a suspect for OVI, we review the totality of the facts and circumstances surrounding the arrest to determine whether a reasonably prudent person would believe the defendant was driving while under the influence. *State v. Ponce-Suares*, 2025-Ohio-4480, ¶ 29 (1st Dist.), citing *State v. Duncan*, 2025-Ohio-1153, ¶ 24 (1st Dist.). To establish probable cause, the State must only demonstrate "a probability or substantial chance of criminal activity, not an actual showing of such activity." *State v. Assefa*, 2023-Ohio-385, ¶ 13 (1st Dist.), quoting *State v. Thornton*, 2018-Ohio-2960, ¶ 21 (1st Dist.), quoting *Illinois v. Gates*, 462 U.S. 213, 243 (1983).

**{¶14}** We have previously held that the presence of the odor of alcohol, bloodshot eyes, and slurred speech, among other indicia, supports the finding of probable cause to arrest a driver for OVI. *Id.* at ¶ 14. A driver's refusal to take a field sobriety test may also support a finding that police had probable cause to arrest a driver for OVI where "other incriminating factors are present." *Id.* Additionally, a

driver's strange behavior and demeanor may also support the finding that the driver was intoxicated. *Id.* at ¶ 20 (citing cases for the proposition that behavioral- and demeanor-based observations may support a determination that a driver was intoxicated); *see State v. Shelton*, 2019-Ohio-4207, ¶ 18 (12th Dist.) ("'Odd behavior' is yet another indicia of intoxication.").

{¶15} Held argues that an odor of alcohol and bloodshot eyes alone are insufficient to establish probable cause. *See State v. Phoenix*, 2010-Ohio-6009 (1st Dist.) (holding that a slight odor of alcohol and bloodshot eyes alone are insufficient to support a finding of probable cause); *State v. Dye*, 2021-Ohio-3513, ¶ 69 (6th Dist.) (holding that bloodshot eyes and a strong odor of alcohol alone are insufficient to support a finding of probable cause). However, Held fails to consider that there were additional indicia testified to at the suppression hearing. Officer Allen testified that a strong odor of alcohol emanated from Held, that Held's eyes were bloodshot, that his speech was slurred, that he was acting strangely, and that he refused to submit to field sobriety testing.

{¶16} Held insists that the BWC footage contradicts Officer Allen's testimony and shows that he was not slurring his speech, nor was he acting strangely. While the court's entry does not specify what indicia it found were present in the footage, the court had the opportunity to compare Officer Allen's testimony with his BWC footage. Based on our review of the record, we hold that the trial court's findings were supported by competent and credible evidence, and that the evidence was such that a reasonably prudent person would believe that Held was driving under the influence. Therefore, the court did not err in denying Held's motion to suppress.

{¶17} Accordingly, Held's first assignment of error is overruled.

### B. Sufficiency and Manifest-Weight Challenges

**{¶18}** A sufficiency challenge requires this court to review "whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *State v. Dunn*, 2024-Ohio-5742, ¶ 28, quoting *State v. Dent*, 2020-Ohio-6670, ¶ 15. When faced with a manifest-weight challenge, "this court reviews the entire record, weighs the evidence and all reasonable inferences, and considers the credibility of the witnesses to determine whether the trier of fact clearly lost its way such that a manifest miscarriage of justice occurred, that the conviction must be reversed, and a new trial ordered." *State v. Wright*, 2025-Ohio-672, ¶ 19 (1st Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997).

**{¶19}** Held challenges his OVI-refusal conviction under R.C. 4511.19(A)(2). The statute provides that following an arrest for operating a vehicle while under the influence, no person with a prior OVI conviction within 20 years of that conviction shall refuse an officer's request to submit to a chemical test. R.C. 4511.19(A)(2)(b). The elements the State must prove for this offense include (1) the defendant's prior OVI conviction, (2) that the defendant operated a vehicle while under the influence, and (3) that the defendant refused to submit to a chemical test. *State v. Cunningham*, 2018-Ohio-912, ¶ 16 (9th Dist.), citing *State v. Hoover*, 2009-Ohio-4493, ¶ 13.

**{¶20}** First, Held's conviction was supported by sufficient evidence. Held stipulated to having a prior OVI conviction, and it was undisputed that he refused to take a chemical test. Officers Allen and Bicknell testified that Held displayed several indicia of intoxication, including reeking of alcohol, bloodshot eyes, slurred speech, strange behavior, drastic mood swings, and refusal to participate in field sobriety testing. The indicia observed are similar to those in *State v. Scott*, 2021-Ohio-156, ¶

8

32 (5th Dist.). In *Scott*, the court held that evidence of bloodshot and watery eyes, a strong odor of alcohol, slurred speech, volatile mood swings, and difficulty following field-sobriety-test instructions was sufficient to support a conviction for OVI-refusal. While not identical to the facts present in *Scott*, when viewed in a light most favorable to the State, the evidence here supports Held's conviction for OVI-refusal.

**{¶21}** Held's conviction for OVI-refusal was also not against the manifest weight of the evidence. As the trier of fact, the jury was well positioned to observe the officers' BWC footage and weigh the credibility of Officer Allen's and Officer Bicknell's testimony and observations from the stop, as well as Officer Allen's recounting of Held's alleged admission that he was drunk on the night of the arrest. Therefore, the jury did not lose its way in convicting Held for OVI-refusal, and his conviction was not against the manifest weight of the evidence.

**{¶22}** Accordingly, Held's second assignment of error is overruled.

### III. Conclusion

**{¶23}** Having overruled Held's two assignments of error, we affirm Held's conviction for OVI-refusal.

Judgment affirmed.

**ZAYAS, P.J.,** and **NESTOR, J.,** concur.